## ALEX. ALEXANDER v. THE STATE.

1. LARCENY.  *Nature of offence.  Instruction.  Case in judgment.*

   A. was indicted for the larceny of a cow.  On the trial the jury were instructed
   for the State that if they believed the cow alleged to have been stolen was
   killed and any part of the beef of said cow was found shortly afterwards in
   the possession of the defendant, or that the hide of the cow was traced to his
   possession, or that defendant's wagon was used with his knowledge in hauling
   said beef to his smoke-house, and defendant's possession of said beef or hide
   or the use of his wagon and team was not explained by the whole evidence to
   their satisfaction, then they were warranted in finding defendant guilty.
   *Held,* that this instruction was erroneous (1) because the defendant may
   have known that his wagon was used in hauling to his house the beef of the
   cow which was killed without also having known that a larceny had been
   committed, in which event he would have been guilty of no crime; and (2)
   because even though he may have known that the wagon was so used to haul
   the beef of which the larceny was at that time completed, he would not be
   guilty of larceny, but of receiving stolen goods, knowing the same to have
   been stolen.

2. SAME.  *Definition.  Asportation necessary.*

   An instruction which tells the jury that it is larceny for a trespasser to kill a
   cow with intent to appropriate it to his own use without the consent of the
   owner is erroneous in excluding the necessity for an asportation of the prop-
   erty as an element of the crime.

APPEAL from the Circuit Court of Carroll County.

Hon. C. H. CAMPBELL, Judge.

Alex. Alexander was indicted for the larceny of a cow.
He was tried and convicted and from the judgment of the
court below sentencing him to the penitentiary, he appealed
to this court.

*George Anderson,* for the appellant.

The second instruction is calculated to mislead the jury by
the manner in which it is framed, which fact I submit to the
court.  *Johns. Case,* 2 Conn. 569; *Algheri's Case,* 3 Conn. 584,
and *Jenkin's Case,* M.S. form.  As to the application of cir-
cumstantial evidence, I refer the court to *Algheri's Case,* 3
Conn. 584.

*J. L. Harris,* for the State.

COOPER, J., delivered the opinion of the court.

By the second instruction the jury were informed that if

they believed the cow alleged to have been stolen was killed, and any part of the beef of said cow was found shortly afterwards in the possession of the defendant, or that the hide of the cow was traced to his possession, or that defendant's wagon was used with his knowledge in hauling said beef to his smoke-house, and the defendant's possession of said beef or hide, or the use of his wagon and team was not explained by the whole evidence to their satisfaction, then they were warranted in finding the defendant guilty. This was error. While it is difficult to conceive that the jury could have found the fact to be that the team and wagon of the defendant was used in hauling the beef to his house, unless they also believed that the beef found in his possession was a part of the cow said to have been stolen, yet, by the instruction, it was assumed that they might find indifferently either one of these facts without the other, and upon this hypothesis they were told that either fact so found would warrant a verdict of guilty.

If the only incriminating fact against the defendant believed by the jury was that his wagon had been used with his knowledge in hauling to his smoke-house the beef of the cow which was killed, this would not have authorized a verdict of guilty. The defendant may have known that his wagon was used in hauling the beef without having also known that a larceny of the cow had been committed, in which event he would not be guilty of any offence whatever, or he may have known that his wagon was so used to haul the beef of which the larceny was at that time completed, in which event he would be guilty of receiving stolen goods knowing them to have been stolen and not of larceny.

By the first instruction it is declared that it is larceny to kill a cow with intent to appropriate it to the use of the trespasser without the consent of the owner. This instruction, as was declared in the recent case of *Barnes* v. *The State, ante,* p. 355, is erroneous in this that it excludes the necessity for an asportation of the property to constitute larceny. As there

is no doubt in this case that there was an asportation, this
error would not result in a reversal, but we again call atten-
tion to it that it may be avoided in future cases.

Judgment reversed.